WM. McCOMBS and another *vs.* ALBERT WALLACE.

1. A bargainor in a deed in trust, containing a stipulation for the retention of the possession of the land conveyed, until sold under the terms of the trust, and who holds possession after a sale of the premises by a trustee is not such a tenant as comes within the purview of the Landlord and Tenant Act (acts 1868–'69, chap. 156) and hence proceedings cannot be taken under that act to evict him.

2. That act was only intended to apply to a case in which the tenant entered into possession under some contract of lease, either actual or implied with the supposed landlord or with some person under whom the landlord claimed in privity or where the tenant himself is in privity with some person who had so entered·

3. This construction excludes from the operation of the act two classes, viz: vendees in possession under a contract for title and vendors retaining possession after a sale, though such persons are certainly tenants at will or sufferance for some purposes and frequently so styled.

The case of *Jones* v. *Hill*, 64 N. C. R. 198, cited and approved.

This was a proceeding to recover possession of land, commenced by the plaintiff before A. H. Martin, Esq., a Justice of the Peace, brought by appeal to the Superior Court of Mecklenburg county and heard before His Honor Judge Moore, at July Special Term, 1871.

The allegation of the plaintiffs, admitted to be true, was, that the defendant had executed a deed in trust to the plaintiff Williams providing for a sale of the land if debts were not paid by a day named therein, and also providing as follows : "It is further the understanding and agreement of the parties, that the said party of the first part [the defendant] shall retain possession of said premises, until the same shall be sold by the said party of the second part," and that the debts not having been paid as stipulated, the trustee had sold the premises under the provisions of the trust and the other plaintiff Robert became the

31

purchaser and that the defendant continued thereafter to retain possession of the same and had refused to surrender possession thereof to the plaintiff after demand.

His Honor, on this state of facts, being of opinion that the plaintiff had the right to recover under the proceedings, rendered judgment accordingly, from which the defendant appealed.

*Vance & Dowd* for the appellant.
*J. H. Wilson* for the appellee.

RODMAN, J. The question in this case is not whether the the defendant is a tenant of the plaintiff, in any sense of that word ; but whether he is such a tenant as is embraced within the Landlord and Tenant, Act 1868–'69, ch. 156, p. 355. Sec. 19, of that Act says :

"Any tenant or lessee of any house or land, and the assigns under tenants or legal representatives or legal representatives of such tenants who shall hold over, and continue in the possession of the demised premise, or any part thereof, without permission of the landlord, and after demand made for its surrender, may be removed from such premises in the manner hereinafter prescribed, in either of the following cases :

1. Whenever a tenant in possession of real estate holds over after his term has expired.

2. When the tenant or lessee, or other person under him has done or omitted any act, by which, according to the stipulation of the lease his estate ceased."

A Justice has jurisdiction only in the cases described in this section. The Act then prescribes the proceedings before the Justice.

Upon a careful consideration of this Act we think it was intended only to apply to a case in which the tenant entered into the possession under some contract, either actual or implied with the supposed landlord, or with some person under

whom the supposed landlord claimed in privity, or when the tenant himself was in privity with some person who had so entered.

This construction would exclude two classes of cases, which we think were not intended to be embraced in the Act, viz: Vendees entering into possession under a contract of purchase, and vendors continuing in possession under circumstances like the present. Such persons are certainly tenants at will or sufferance for many purposes, and they are frequently so called. *Jones* v. *Hill*, 64 N. C., 198. But they seem to be excluded as well by the words of the section above cited, as by the general scope and spirit of the Act. The words of the section clearly require that the entry should be under a demise of some sort, although there is no reason for saying that it must be for any definite term, it may well be at will.

In this case the possession of the defendant was not acquired from either the trustee or the plaintiff; there was nothing which can be called a demise; his possession arose out of his own title, and continued until the sale, by virtue of the reservation in the in trust to that. His term has not expired; he had no term, for that implies a term derived from some other person. The reservation was perhaps void, for a term of years cannot be reserved by the grantor of an estate in foe.

In that case the defendant would be a vendor continuing to hold the possession after his sale, which would also effectually exclude the idea of a demise.

The case of such a tenant is not within the mischief which the Act was intended to remedy.

Let this opinion be certified.

PER CURIAM.                              Judgment reversed.