## C. A. & E. D. GREER v. J. R. WILBAR.

The Landlord and Tenant Act does not apply to a mortgagor who is allowed to remain in possession, and on demand after default refuses to surrender possession; and the provisions of that Act cannot be extended by any contrivance of lease and lessee, so as to give to the mortgagee the benefit of having summary proceedings, as against a lessee for a term of years.

(*McCombs* v. *Wallace*, 66 N. C. Rep. 481, cited and approved )

SUMMARY PROCEEDINGS, under the " Landlord and Tenant" Act, commencing in a Justice's Court, and carried by appeal

to the Superior Court of ASHE where it was tried before *Mitchell, J.*, at Spring Term, 1874.

The case agreed by the counsel for the parties, states the following facts :

At Spring Term, 1872, of Ashe Superior Court, one Willer obtained a decree for the sale of two lots, the property of and on which Wilbar, the defendant resided, in the town of Jefferson, for the payment of a certain amount owing to him by Wilbar. The lots were sold and Willer became the purchaser.

At the Fall Term ensuing, it was decreed that if Wilbar should pay to Willer $700 by the Wednesday of the next term, then the Clerk should make him a title for the lots ; if he failed to pay the $700 at the time, the Clerk was to make the title to Willer. Wilbar failed to pay the $700 at the time appointed or any part thereof; and when he was about to be turned out of possession, he paid of the amount $125, and applied to the plaintiffs, and informed them that he was unable to pay the balance at that time, and asked them to pay Willer $600, and take the title to the lots, letting him remain in possession for two months, when he would pay them $700 for the lots.

The plaintiffs agreed to the defendant's proposition, paid the $600 and took a deed from the Clerk. At the same time they gave to the defendant a writing, by which they agreed to convey to him the two lots, if he should pay to them $700 within two months. They also at the time rented the lots to the defendant for two months, reserving a pepper corn as rent.

At the expiration of the two months, Wilbar, the defendant, being unable to pay the $700, again rented the lots for two months, reserving the same rent, and when that time expired, plaintiffs rented the lots to defendant for one month at $4.16, for which defendant gave his note.

The last renting expired on the 25th February, and on the 16th March, plaintiffs notified defendant to surrender the possession, or they should turn him out. On the 3d of April, plaintiffs commenced summary proceedings under the Land-

38  .

lord and Tenant Act, before a Justice of the Peace, who gave them judgment, and the defendant appealed to the Superior Court.

On the hearing before his Honor, he reversed the judgment of the Justice and gave judgment in favor of defendant. Plaintiffs appealed.

*Smith & Strong*, for plaintiffs.
*Scott & Caldwell*, for defendant.

PEARSON, J. The " Landlord and Tenant Act," does not apply to a mortgager who is allowed to remain in possession until default in making payment, and on demand after default refuses to surrender possession; *McCombs* v. *Wallace*, 66 N. C. Rep. 481. The mortgagee cannot be let into possession by summary process, before a Justice of the Peace, but has his remedy by action to foreclose, or by action to recover the land on his legal title, to which action; the equitable title of the mortgagor may be interposed by way of counter claim.

So the case of a vendee, who has been let into possession, and refuses after default in payment of the whole or any part of the purchase money to surrender possession, does not come within the operation of the " Landlord and Tenant act " for the reason, that the act is confined to the simple relation of " lessor and lessee," and does not embrace the more complicated relation of vendor and vendee, who has been let into possession, when the case may involve the taking of an account, to show the balance of the purchase money, and all equities are to be adjusted, which questions a Justice of the Peace is not competent to deal with. The remedy is by action for a specific performance—or an action for the land, to which the vendee may set up his equitable title by way of counter claim, and have an account as to the balance of purchase money and all equities can be adjusted *in the one action.*

In our case, besides the relation of mortgagee and mortgagor, allowed to retain possession until default in payment,

there is *the cunning contrivance* of the form of the relation of lessor and lessee—in order to extend the operation of the "Landlord and Tenant act," so as to give the mortgagor the benefit of having summary process as against a lessee for a term of years. So the plaintiffs not content with *befriending* the defendant by a loan of $600 upon an agreement to pay $700 at the end of two months, secured by a deed for the land, with a stipulation as a part of the agreement that the defendant is to hold the possession until default, procures at the same time and as a part of the transaction, the defendant to accept a lease for two months at the rent of a "barley corn," for the purpose of bringing the case within the "Landlord and Tenant Act," thus forcing a necessitous man besides paying common usury, to submit to have himself tied hand and foot, in order to evade the policy of the law, by which it is provided, that, when there is the complicated relation of mortgagee and mortgagor the whole matter shall be settled in one action.

We have the complicated relation of mortgagee and a mortgagor remaining in possession, and to this, is added the additional relation of lessor and lessee, so as to make the relations of the parties more complicated ; can this be allowed to have the effect of taking the case out of the decision in *McCombs* v. *Wallace,* supra. We think not, there is the same complication arising out of the relation of mortgagee and mortgagor, the same equities to be adjusted which a Justice of the Peace is not competent to deal with.

The policy of the law is defeated by a contrivance, and we have two proceedings instead of one, which it was the purpose to avoid—for, should the plaintiffs get possession by this summary process in order to clear their title, it will be necessary to bring an action to foreclose the equity of redemption, or else the defendant may have an action at any time within ten years to redeem, with a provisional remedy to protect him from being put of possession, until this equitable title is adjudicated. All of these difficulties are avoided by adhering to the

principle of *McCombs* v. *Wallace*, supra, and by confining the summary proceeding to the case of the simple relation of lessor and lessee who hold over after the expiration of his term, when there is no other relation to complicate the question. We have the primary and main relation growing out of a mortgage, and the secondary and incidental relation of lessor and lessee, adopted as a contrivance to eject the mortgagee, on short notice, leaving the controversy open for future litigation. The policy of the law cannot be thus evaded and the "Landlord and Tenant Act" cannot "by this form" of a "lease for a *barley corn,*" be made to apply to a case outside of the simple relation of landlord and a tenant, who holds over: when the mischief is, that the landlord will be put to inconvenience and loss, unless the tenant gives up possession in time to have his place supplied, with reference to the next crop— and there is no difficulty in respect to the title, or complication in respect to adjustment of equities.

No error.

PER CURIAM.                                    Judgment affirmed.