## S. H. JOHNSON v. LAWSON HAUSER.

*Landlord aud  Tenant—Vendor and  Vendee.*

The defendant entered upon land under a parol contract of purchase and
paid a portion of the purchase money and afterwards the vendor con-
veyed the land to A, under agreement with the defendant that he was
to remain in possession twelve months and pay A the purchase money
due and take title from him, and if he failed to do so within twelve
months, to surrender possession; during the twelve months, A con-
veyed to plaintiff who took with knowledge of the agreement, and de-
fendant failed to pay within that time ; *Held*, that the relation existing
between plaintiff and defendant was that of vendor and vendee, and
that plaintiff was not entitled to evict the defendant by summary pro-
ceedings before a justice of the peace under the landlord and tenant
act.

(*Greer* v. *Wilbar*, 72 N. C., 592; *Riley* v. *Jordan*, 75 N. C., 180; *Mc-
Combs* v. *Wallace*, 66 N. C., 481, cited and approved.)

PROCEEDING under the Landlord and Tenant act, com-
menced before a justice of the peace and heard on appeal
at Spring Term, 1879, of YADKIN Superior Court, before
*Schenck, J.*

The following facts appear from the case agreed :

1. The defendant entered the premises in controversy
under a parol contract of purchase with one R. C. Poindex-
ter in 1872.

2. The defendant paid a portion of the purchase money
to the said Poindexter, and the balance not being paid, ac-
cording to contract, the said Poindexter conveyed the land
to Jenkins & Hauser under the following parol contract
with Lawson Hauser, to-wit:   Lawson Hauser, the defend-
ant, was to remain in possession twelve months and pay
to Jenkins & Hauser the balance of the purchase money
and take title from Jenkins & Hauser; and if he failed to
do so, he was to surrender the possession.

3. That during the twelve months, Jenkins & Hauser conveyed to the plaintiff, S. H. Johnson, who took with full knowledge of the above parol understanding.

4. That the defendant, Lawson Hauser, at the end of the twelve months, failed to pay the balance of the purchase money according to agreement, and the plaintiff, S. H. Johnson, after giving the defendant twenty days notice to quit, brought this action to evict him under the landlord and tenant act.

His Honor being of opinion that the justice had jurisdiction of the case, and that the plaintiff was entitled to recover, gave judgment for the plaintiff, from which the defendant appealed.

No counsel for the plaintiff.
*Mr. A. W. Haywood,* for defendant.

ASHE, J. The construction given to the landlord and tenant act by several decisions of this court is, that it applies only to the relation of lessor and lessee, when the latter holds over after the expiration of his term and when there is no other relation to complicate the question. But where one enters upon land under a contract of purchase, he cannot be evicted therefrom by a summary proceeding under the act. *Greer* v. *Wilbar*, 72 N. C., 592; *Riley* v. *Jordan*, 75 N. C., 180; *McCombs* v. *Wallace*, 66 N. C., 481.

In this last case, the court held that the construction given by this court to the act, excludes from the operation of the act two classes, viz: " vendees in possession under a contract for title, and vendors retaining possession after a sale." Under this construction we do not see how this defendant can be brought within the operation of the act. He entered under a contract of purchase and continued to hold the possession under that contract, and no other, up to the institution of this proceeding. He never became the lessee of the plain-

tiff, or entered into any contract from which such a relation could be implied. When the plaintiff purchased the land from Jenkins & Hauser, and had the understanding with defendant that he was to remain in possession twelve months, and pay to Jenkins & Hauser the balance of the purchase money, and take the title from them, and if he failed to do so he was to surrender the possession, there was nothing in that agreement to change the relations of the parties. The defendant continued in possession under the former contract, with an extension of credit for twelve months, on condition that he would surrender the possession if he failed to pay at the end of that time. There was no agreement to pay rent, or do any other act which character-ized his possession of that of a lessee. The agreement to surrender at the expiration of the twelve months could not have the effect of converting the original relation of vendor and vendee, into that of lessor and lessee.

We are of opinion the justice of the peace had no juris-diction. There is error. The judgment of the court below is reversed, and the defendant will go without day. Let this be certified.

Error.                                                   Reversed.