JAMES H. PARKER v. SARAH ALLEN and others.

*Summary Proceeding in Ejectment—Duty of Court—Equities.*

In a summary proceeding in ejectment before a justice of the peace, or
on appeal, it is the province of the court to determine whether the
title to the land is in controversy, and where the testimony shows that
such controversy exists or that equities growing out of a contract of
purchase are to be adjusted, as in this case, the proceeding should be
dismissed for want of jurisdiction.

(*McCombs* v. *Wallace*, 66 N. C., 481; *Turner* v. *Lowe*, Ib., 413; *Greer* v.
*Wilbar*, 72 N. C., 592; *Davis* v. *Davis*, 83 N. C., 71; *Green R. R. Co.*,
77 N. C., 95, cited and approved.)

SUMMARY PROCEEDING in ejectment commenced before a
justice of the peace and heard on appeal at Fall Term, 1880,
of HALIFAX Superior Court, before *Graves, J.*

It was adjudged in the court below that the proceeding
be dismissed upon the ground that the justice had no juris-
diction, and the plaintiff appealed.

*Messrs. Day & Zollicoffer* and *J. B. Batchelor*, for plaintiff.
*Mr. R. O. Burton, Jr.*, for defendants.

SMITH, C. J. The summary proceeding before a justice for the recovery of possession of land may be sued out by the landlord in the specified cases under the statute.

1. Whenever a tenant in possession of real estate holds over after his term has expired.

2. When the tenant, or lessee, or other person under him, has done or omitted any act by which, according to the stipulations of the lease, his estate has ceased. Bat. Rev., ch. 64, § 19.

If it appear on the trial that the title to the real estate is in controversy the justice shall dismiss the action and render judgment against the plaintiff for costs. Ib., ch. 63, § 17.

The statute conferring the jurisdiction has been construed to apply only " to a case in which the tenant entered into possession under such contract, either actual or implied, with the supposed landlord, or with some person under whom the supposed landlord claimed in privity, or where the tenant himself was in privity with some person who had so entered, and not to extend to cases where the vendee has entered under a contract of purchase, or the vendor remains in possession. *McCombs* v. *Wallace*, 66 N. C. 481.

The jurisdiction is not co-extensive with the operation of an estoppel which forbids a tenant, who has acquired possession under another, to dispute his title until the land has been restored, but it can be exercised only where those relations mentioned in the statute exist, and those relations are not complicated with others which would entitle the defendant to relief against the enforcement of a judgment when recovered, under our former system. " Where law and equity were administered by distinct tribunals," remarks RODMAN, J., in *Turner* v. *Lowe*, 66 N. C., 413, " the tenant was obliged to go into a court of equity for that pur-

pose (relief from the judgment at law). But now that they are administered by the same court and without any distinction of form, the tenant can set up in his answer any equitable defence he may have to his landlord's claim." As the equities which a tenant may have, growing out of the associated relations of vendor and vendee, and mortgagor and mortgagee, may now be asserted as a defence to the action for his eviction, and as well before a justice as in the superior court, it becomes the duty of the justice when during the trial they appear and the equitable title is in controversy to cease to exercise jurisdiction and dismiss the proceeding, for the justice is not competent to deal with such issues.

The subject is very clearly discussed by PEARSON, C. J., in *Greer* v. *Wilbar*, 72 N. C., 592, and the want of jurisdiction shown. "If the plaintiffs get possession by this summary process, in order to clear their title, it will be necessary to bring an action to foreclose the equity of redemption, or else the defendant may have an action at any time within ten years to redeem with a provisional remedy to protect him from being turned out of possession until this equitable title is adjudicated. All of the difficulties are obviated by adhering to the principle in *McCombs* v. *Wallace*, and confining the summary proceeding to the case of the simple relation of lessor and lessee who holds over after the expiration of his term, *when there is no other relation to complicate the question.*"

However relentless the rule may be which forbids the tenant to dispute the title of the person from whom he acquired possession, as long as he retains it, and from which disability he is relieved only by a surrender, it "does not preclude the tenant from showing an equitable title in himself, or such circumstances as under our former system would call for the interposition of a court of equity for his relief, and which relief may now be obtained in the action." *Davis* v. *Davis*, 83 N. C., 71.

These adjudications settle the construction of the statute and determine the rule that although there has been a contract of lease for a definite period, which has expired and the lessee refuses to restore possession to the lessor, if there is also a subsisting unperformed executory agreement between the parties for a sale of the land, and the fact, or a *bona fide* controversy regarding it, is manifest during the trial, it puts an end to the exercise of further jurisdiction in the premises. On this point in its nature preliminary, but which may be developed during the delivery of the testimony, and to be determined by His Honor, he was of opinion after hearing the testimony of the plaintiff, Parker, that there was a *bona fide* controversy in regard to the title to the land, and dismissed the cause. If there was any legal evidence to authorize this finding, for of its sufficiency he and not ourselves are to judge, the ruling must be sustained, and hence it becomes necessary to examine the testimony and see if there was evidence to authorize his finding.

While under examination, Parker, on notice to produce the original, or secondary evidence would be offered of its contents, produced a written memorandum as follows: Sale of the tract of land whereon the said McDowell lives to M. G. Allen.

Said Allen's note, A. H. Davis and L. Arrington for $1,000; twelve months' interest off, $940; Allen's bond to J. H. Parker, $3,000; two drafts given by A. H. Davis, $1,000 each, at 60 days' interest off, $980. This statement is this day made out by J. H. Parker and E. C. McDowell. (Signed by Parker and McDowell, on December 21st, 1865.)

A line is drawn through each signature and across the face of the paper are written the words, " This trade was not carried out and became null and void."

On his cross-examination the plaintiff, Parker, a witness in his own behalf, testified that he took the note of Allen,

Davis and Arrington for $1,000, but had never collected or demanded any money due on it. That the memorandum was written by McDowell, to show how he would stand in case the contract for the sale of the land between Allen and McDowell was carried out; that Allen was not present and never had possession of the paper, and that when it was prepared he (the witness) wrote the words across the face of the paper and run the line through the names, and that on the reverse side was entered a statement of the indebtedness of McDowell to himself.

He testified further that McDowell originally bought the land and conveyed it in trust to the witness; that he sold it as trustee and bought it for $3,000, that the trade with Allen was made by McDowell, for the sum of $6,000, to be paid in gold, or $7,000 in greenbacks; that Allen gave two drafts for $1,000 each to witness, which were paid him. Witness did not remember whether the drafts were given in payment for the land; that at the time Allen owed him thousands, and he told him if he could not carry out his contract the money would be applied to his general indebtedness; that Allen paid by another draft, in 1869, for $500 which was in settlement for rent, but he did not know that it was so intended by him.

Upon this showing His Honor, having intimated an opinion upon the question of jurisdiction adverse to the plaintiff, nevertheless allowed the witness to proceed and testify that no contract in writing had ever been entered into with Allen or defendants, continuing the possession since his death. Thereupon His Honor adjudged that there was a *bona fide* controversy about the title to the land, directed a juror to be withdrawn and dismissed the action.

While we do not undertake to pass upon the sufficiency of the evidence, we are clear that there was evidence warranting the finding upon which the question of jurisdiction

depended, and there is no error subject to review in the conclusion reached.

The exceptions argued in this court for the appellant, besides that already noticed, are :

1. That the judgment was precipitate and should have been deferred until all the testimony was heard.

2. The existence of a *bona fide* dispute about the title is a fact to be determined by a jury and not by the court.

3. That the alleged contract of sale not being in writing creates no equitable estate which can enter as an element in the controversy.

We think that neither proposition can be maintained.

The court is not required needlessly to prolong a trial when the testimony discloses an element of controversy fatal to the jurisdiction and there is no suggestion that there is further evidence which may change the aspect of the case. If there was such, it was the duty of counsel so to inform the court and ask a suspension of the decision until it could be adduced and such indulgence would doubtless have been granted. It cannot be assigned for error that further testimony on the point was not heard when none was offered, and none is now suggested at variance with that before the court.

Nor was it the province of the jury to pass upon the preliminary question on which the jurisdiction was dependent. What matters are in issue are decided by the court, and what are the facts must be left to the jury upon issues made up and submitted. When the judge discovers that there is a *bona fide* controversy which ought to be settled in the suit, and to the solution of which the powers conferred upon a, justice are legally inadequate, necessarily acting upon his own knowledge and judgment he refuses to proceed further.

It is the duty of the judge on the appeal to do what the justice himself ought to have done.

The objection that the contract of sale was inoperative

under the statute of frauds is equally unavailing. If the vendors assent to the performance of the contract, the moneys received under it cannot be recovered by the vendees. If they refuse they are liable to account to the vendees for what has been paid. In either case there are equities to be adjusted growing out of the contract of purchase, and if the vendors are content to abide by its provisions, the vendees have an equitable estate, and hence arises the controversy which under the law belongs to a higher and superior jurisdiction to dispose of. *Green* v. *N. C. R. R. Co.,* 77 N. C., 95.

The ruling of the court must therefore be sustained and the judgment affirmed and it is so ordered.

No. error. Affirmed.