THE CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY V. WILLIAM CONKLIN.

1. BILL OF PARTICULARS, *Sufficient.* The bill of particulars of the defendant in error, plaintiff below, considered, and held to be sufficient.
2. BAGGAGE RECEIVED, *to be Accounted for.* Where the duly-authorized agent of a railroad company receives personal property to be transported as baggage, the railroad company must account for such property as baggage, although in strict language it might not be baggage.
3. BAGGAGE — *Company, when Responsible for Loss.* Where personal property is received by a railroad company to be transported as baggage, and while it is in the possession of the railroad company, to be so transported, it is lost or stolen, *held,* that the railroad company is responsible to the owner thereof for its loss.

*Error from Atchison District Court.*

THE opinion states the case. At the June Term, 1883, of the district court, plaintiff *Conklin* recovered a judgment for

$75 against the defendant *Railroad Company*, which brings it here for review.

*Everest & Waggener*, for plaintiff in error.

*H. M. Jackson*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought before a justice of the peace by William Conklin against the Chicago, Rock Island & Pacific railroad company, to recover damages for the failure on the part of the railroad company to transport or deliver certain personal property delivered by the plaintiff to the defendant to be transported as baggage. Afterward the case was appealed to the district court, and after judgment in that court in favor of the plaintiff and against the defendant for seventy-five dollars and costs, the defendant, as plaintiff in error, brought the case to this court on petition in error.

The errors complained of are based upon an alleged insufficiency of the plaintiff's bill of particulars. It is claimed, *first*, that the bill of particulars does not state any cause of action; and, *second*, that if it does state a cause of action, the cause of action stated is not the one which was proved on the trial of the case in the district court.

The bill of particulars states, in substance, among other things, that the property, which consisted of a certain canvas tent, with poles, ropes, and attachments, was delivered to the agent or baggage master of the defendant, at Platte City, Missouri, to be shipped and forwarded, as baggage, on the first passenger train of the defendant, and that the defendant afterward wholly failed and refused to deliver the property to the plaintiff, but kept and retained the same. The bill of particulars does not state in terms that the plaintiff was, or intended to become a passenger on the defendant's railroad, nor that the defendant was guilty of any negligence; and it is because of these failures on the part of the plaintiff's bill of particulars to state that the plaintiff was or intended to become

a passenger, or that the defendant was guilty of negligence, that the defendant below, plaintiff in error, claims that the bill of particulars is insufficient. We think the bill of particulars, however, is sufficient; that it states a cause of action; and that it sufficiently states the cause of action which was proved.

On the trial, it was shown that the plaintiff delivered the property to the station agent of the defendant, at Platte City, Missouri, to be transported, as baggage, on the first passenger train of the defendant going to Plattsburg, Missouri; that the station agent so accepted such property; that the defendant afterward wholly failed and refused to deliver the property to the plaintiff; and that the plaintiff at the time expected and intended to be a passenger on such passenger train, and had purchased a ticket of the defendant for that purpose.

The facts with reference to the delivery of the property to the defendant's station agent, stated more in detail, are as follows: The plaintiff took the property to the defendant's depot at Platte City, Missouri, and delivered it to the station agent at that place, to be transported as baggage on the first passenger train going to Plattsburg, and the station agent accepted the property as baggage, but, being busy at the time, did not give the plaintiff any receipt, or check, or bill of lading for the same, but directed the plaintiff to leave the property with him until he could prepare a bill of lading for the plaintiff, and the plaintiff did so. Afterward, the plaintiff passed out of the depot for a short time, and in a few minutes afterward returned in order to get the bill of lading promised to him by the defendant's station agent; but the property in the meantime had been mislaid or stolen, and the station agent refused to give the plaintiff any bill of lading, or to account for the property in any other manner, and neither the station agent nor the defendant has at any time since accounted to the plaintiff for the property. The defendant's station agent knew what the property consisted of, and accepted it as baggage, and we think the defendant must now account for it as baggage, although it might not, in strict language, be baggage; and as

the property was lost while in the possession of the defendant, we think the defendant is responsible for its loss.

The judgment of the court below will be affirmed.

HORTON, C. J., concurring.

HURD, J., not sitting.