HARRINGTON v. HATTON.

(Filed March 18, 1902.)

1. FORMER ADJUDICATION—*Supreme Court—Judgment.*

A decision only upon the appropriate form of relief in an action does not pass upon any defense which might be set up to the merits in seeking that relief, and is not *res judicata.*

2. JUDGMENTS—*Liens—Bona fide Purchaser—Execution.*

Where land subject to a judgment lien is sold to an innocent purchaser, without notice, it can not be sold under an execution, based on the judgment, where the execution is issued after the expiration of the judgment lien.

ACTION by W. H. Harrington against P. E. Hatton, as administrator, and others, heard by Judge *W. A. Hoke,* at May (Special) Term, 1901, of the Superior Court of PITT County. From a judgment for the plaintiff, the defendants appealed.

*A. M. Moore,* for the plaintiff.
*Skinner & Whedbee,* for the defendants.

CLARK, J. When this case was here before, 129 N. C.,
146, it was held that the administrator of the judgment debtor
could not be ordered to sell the land to make assets, because
the judgment debtor had conveyed the land (subject, of
course, to judgment liens), and there was nothing left in the
judgment debtor which could be sold by his administrator,
and that the remedy justified by the pleadings, though not
prayed for, was a judgment directing the property to be sold
under the judgment lien. All the parties being before the
Court, the Court refused to dismiss the action, but remanded
it that a proper judgment should be entered. It was ex-
pressly stated that "if by lapse of time the plaintiff's judg-
ment lien had been lost, the benefit would have accrued to
Hatton's vendee (defendant Davenport), and not to Hat-
ton's heirs-at-law." That decision was only upon the form of
relief, and did not pass upon any defense which might be set
up to the merits in seeking that relief.

Upon the cause being called at the first term after the opin-
ion had been certified down, the defendant Davenport relied
upon his plea, not before passed upon, that the relief of sell-
ing the land under the lien is barred by the lapse of time.
The judgment whose lien is here sought to be enforced, was
docketed 21st December, 1889, the land was conveyed to
J. R. Davenport, as has been found by a verdict in this cause
between these parties, for value and without notice of any
fraud. This proceeding was begun 22d August, 1899, and
the lien thereof has long since expired. A purchaser under
a decree of sale, if now ordered, would get no title. The
point is expressly decided, *Pipkin v. Adams,* 114 N. C., 201.

The point now presented, as already stated, was not raised
in the former opinion, which passed only upon the appro-

priate form of relief, and not upon defenses to the merits, and the matter is not *res judicata.*

There is error.