## SMITH v. GARRIS.

(Filed September 23, 1902.)

1. EVIDENCE—*Parol.*

> The fact that a person searched the office of clerk of the superior court for a docket of a justice of the peace, without showing that the papers had ever been there, is insufficient to render parol evidence of their contents admissible.

2. ESTOPPEL—*Justices of the Peace—Jurisdiction—Mortgagor and Mortgagee.*

> A judgment of a justice of the peace in an action in ejectment by a mortgagee against a mortgagor, even though it is alleged that the mortgagor is a tenant of the mortgagee, is not an estoppel to an action in ejectment between the same parties in the superior court.

ACTION by B. F. Smith against R. H. Garris, heard by Judge *Francis D. Winston* and a jury, at April Term, 1902, of the Superior Court of PITT County. From a judgment for the plaintiff, the defendant appealed.

*Skinner & Whedbee,* for the plaintiff.
*F. G. James* and *Jas. H. Pou,* for the defendant.

FURCHES, C. J. The plaintiff was the fee-simple owner of the land in controversy, which he mortgaged to Hardy, and failing to pay the mortgage debt, the land was sold under the powers contained in the mortgage, and the defendant be-

came the purchaser.    The plaintiff alleges that the defendant bought the land for him, and was to convey the same to the plaintiff upon the plaintiff's repaying the defendant the purchase-money, which, he alleges, he has paid, and more than paid, in money and in rents and profits, and in money received by the defendant for lumber, while he has wrongfully been in possession of said land. The defendant denies that he bought the land for the plaintiff, denies that he agreed to buy it for the plaintiff and was to reconvey it to the plaintiff upon his repayment of the purchase-money, and denies that the plaintiff has ever paid him back the purchase-money he paid out for said land. The defendant also pleads an estoppel of record, and says that he brought an action of ejectment before one Asbury, a Justice of the Peace, recovered judgment therein and obtained a writ of ouster.

Upon the trial, the defendant showed that the Justice of the Peace, Asbury, was dead; the defendant did not have the papers in the case of himself against the plaintiff before Asbury, nor the docket of the Justice of the Peace, and, to enable him to introduce parol evidence of the same, he showed by the Clerk of Pitt Superior Court that he had searched his office and no such docket or papers were to be found therein.    But he failed to show that said docket and papers had ever been in the Clerk's office, and he also failed to show that he had searched for them, or inquired of the Justice's family for them.

Upon this evidence, his Honor refused to allow this parol evidence, upon the ground that the loss of the papers had not been sufficiently accounted for; and also upon the ground that such a judgment, if shown, would not be an estoppel, as it appeared that the title to the land was involved, and there were equities involved between the parties as to the land, over which a Justice of the Peace had no jurisdiction.    The de-

fendant excepted to the rejection of this parol evidence, and this is the only exception in the case on appeal.

There was but one issue submitted to the jury: "Did the defendant, Garris, at the sale under the Hardy mortgage, purchase the land in question in trust for the plaintiff, Smith? Ans.: Yes."

Upon this finding, the Court entered judgment that the defendant was the legal owner of the land, but held it in trust for the plaintiff; and ordered a reference to L. I. Moore to take an account.

We see no error. A court of a justice of the peace has no jurisdiction under the landlord and tenant act to try title to land. And where it appears that title is involved, or that there are equities involved as to the land, a justice of the peace has no jurisdiction. *Parker v. Allen*, 84 N. C., 466. The landlord and tenant act does not apply in cases where the mortgagor is in possession, and no allegation of renting by the mortgagor will be allowed to give the Justice of the Peace jurisdiction under the landlord and tenant act. *Greer v. Wilbar*, 72 N. C., 592.

We think his Honor committed no error in rejecting this evidence for both of the reasons he assigns, and the judgment is

Affirmed.