## A. S. BRICK v. ATLANTIC COAST LINE RAILROAD.

(Filed 16 October, 1907).

1. **Judgment—Estoppel—Jurisdiction.**

   The plaintiff is not estopped to bring another action in the Superior Court against the same defendant upon the same subject-matter, by reason of a judgment by a justice of the peace dismissing a former action for lack of jurisdiction.

2. **Railroads—Baggage—Sale, Purpose of—Negligence, Gross or Willful.**

   Articles carried in the trunk of a passenger for the purpose of sale are not baggage for which the railroad is chargeable, except only in tort as a gratuitous bailee, for gross negligence or willfulness.

3. **Same—Baggage—User of Ticket—Bailee, Gratuitous—Negligence, Gross or Willful.**

   The carriage of personal baggage is incident and personal to the user of the ticket. Generally, where the user was not the owner of the baggage, and the owner was not traveling with him, the carrier, without knowledge and acceptance of the conditions, is not liable to the latter, except as a gratuitous bailee, for gross negligence or willful injury.

4. Same—Parties.

   The owner can maintain an action against the carrier for gross negligence or willful injury, causing the loss of articles in the trunk of the user of the ticket.

5. Evidence—Instructions—Harmless Error.

   It is harmless error in the Court below to instruct the jury that in no event could the plaintiff recover when the recovery could only have been for gross negligence, of which there was no evidence.

CIVIL ACTION, heard on appeal from a court of a justice of the peace, before *Councill, J.,* and a jury, at September Term, 1906, of the Superior Court of ROBESON County.

The plaintiff sued to recover the value of the contents of a trunk by him delivered to the defendant. It was in evidence that the plaintiff, who was a merchant, packed the trunk with certain wearing apparel, and also placed therein certain jewelry. The plaintiff purchased a ticket and checked the baggage, and delivered the ticket to his brother, who was a clerk in the employ of plaintiff, and who was going to Chadbourn for the purpose of clerking in the plaintiff's store. Plaintiff's brother used the ticket. The jewelry was to be sold in plaintiff's store at Chadbourn. Demand was made upon the defendant for the baggage, and it has failed to produce same or account for its nonproduction. It is admitted that the defendant had no knowledge of the contents of the trunk. The value of the wearing apparel was $46.75, and the jewelry $207.83. On the trial of a former action before the justice, plaintiff remitted all of his claim in excess of $200. The justice rendered judgment for plaintiff, and defendant appealed. Upon the trial in the Superior Court his Honor charged the jury that in no event could the plaintiff recover the value of the jewelry. Thereupon a verdict was rendered for $46.75, the value of the wearing apparel, and plaintiff appealed to the Supreme Court. This Court affirmed the judgment below, declaring that the justice had no jurisdiction of the cause of action for the value of the jewelry,

inasmuch as this demand was in tort and in excess of $50. 142 N. C., 359. Thereupon the plaintiff instituted this new action in the Superior Court, founded in tort, asking for the recovery of the value of the jewelry. A jury trial was waived, and thereupon the Court found the facts to be as testified to by the plaintiff on the former trial.

His Honor further found the value of the jewelry to be $207.83. Upon the uncontroverted facts, his Honor, being of opinion that the plaintiff could not recover, nonsuited the plaintiff, and he appealed.

*McIntyre & Lawrence* for plaintiff.
*McLean, McLean & McCormick* for defendant.

CLARK, C. J., after stating the case: The plaintiff is not estopped by the former judgment (142 N. C., 359), because it was held therein that the court of the justice of the peace (in which that action began) had no jurisdiction as to the tort for nondelivery of the jewelry. The subject-matter of this action was not passed upon, and could not have been, in that action. *Harrington v. Hatton,* 130 N. C., 89; *Smith v. Garris,* 131 N. C., 34.

The common carrier is "insurer of the personal baggage of the passenger, and this includes jewelry carried for the personal use of the passenger to a reasonable extent, but not when it is carried for the purpose of sale or for the use of some one else." 3 A. and E. Ency. (2d Ed.), 534; *Humphreys v. Perry,* 148 U. S., 627. This last case, citing many others (p. 642), holds that in such case the carrier is chargeable merely with the duty of a gratuitous bailee, and liable, not in contract, but in tort, and hence only for gross negligence or willfulness. "Articles carried for sale are not baggage, whatever the articles may be." 2 Fetter Carriers of Passengers, sec. 587, p. 1440, and cases cited. Nor is the carrier insurer of merchandise delivered to the carrier by a passenger as personal baggage, without notice of the contents. *Ib.,* sec. 602,

p. 1459; 6 Cyc., 668; 3 A. and E. Ency. (2d Ed.), 539; 3 Thomp. Neg., sec. 3417, and cases cited.

Even when it is personal baggage, its carriage is incident to the ticket purchased, and is personal to the user of the ticket. There are exceptions, as where several members of a family, or husband and wife, are traveling together, and articles belonging to both are in a trunk. 3 Thomp. Neg., 3424. The user of the ticket in this case was not the owner of the trunk and contents, nor were he and the owner traveling together. He could not recover for the baggage of another. 3 A. and E. Ency., 533; 2 Fetter Carriers, sec. 600, p. 1455. This action is properly brought by the party in interest, the owner of the property.

Where the baggage is not personal baggage, or, if such, when it is not the personal baggage of the passenger, it is a fraud on the carrier, unless that fact is made known and the baggage is, notwithstanding, accepted for carriage. Unless this is done, there is no contract, and the liability of the carrier is that of a gratuitous bailee, responsible only for gross negligence or willful injury. 1 Fetter Carriers of Passengers, sec. 607, p. 1470; 3 A. and E. Ency., 533. In such cases negligence must be clearly shown, and cannot be presumed by the mere fact of loss or injury (as in the ordinary case of loss of or injury to the personal baggage of a passenger). 3 A. and E. Ency. (2d Ed.), 542; *Young v. Railroad,* 116 N. C., 936. It would be otherwise if the carrier received the trunk with knowledge of its contents. *Trouser Co. v. Railroad,* 139 N. C., 382, where the subject is fully discussed by *Walker, J.*

The plaintiff here can maintain the action, though he was not the passenger using the ticket, but only by showing gross negligence or willful misconduct. The Court erred in holding that in no event could the plaintiff recover, but, as there was no evidence of gross negligence, this was harmless error, and the judgment is

Affirmed.