# THE CHICAGO AND NORTH-WESTERN RAILWAY COMPANY

### v.

## ALBERT T. AMES *et al.*

1. CARRIERS — *liability for loss of goods by a delivery to the wrong person.* Where two lots of live stock shipped by different owners, upon a railroad, to the same consignee, were, by a mistake of the clerk in the office of the station agent, at the place of destination, all included in a single bill of charges to one of the shippers, to whom both lots of stock were delivered, *held*, that the owner who thereby lost his property, could recover from the company its value.

2. INTEREST — *when recoverable.* And it was proper, also, that he should recover interest upon such value.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit brought in the court below, by Albert T. Ames and Ambrose D. Turner, against the Chicago and North-western Railway company. A trial resulted in a finding and judgment for the plaintiffs. The defendant thereupon took this appeal.

The facts of the case are fully presented in the opinion of the court.

Mr. GEORGE C. CAMPBELL, for the appellant.

Messrs. HELM, TAYLOR & PENCE, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, brought in the Superior Court of Chicago, by Albert T. Ames and Ambrose D. Turner, against the Chicago and North-western Railway company as common carriers, for a failure to deliver certain cattle and hogs, intrusted to them by the plaintiffs, to be conveyed from Belvidere, in Boone county, to Chicago, for a reasonable

reward, and to be there delivered to John Adams, at Sherman's yards, South Branch.

It seems from the proof in the cause, the agent of the railway company, at Chicago, delivered this property to one Garcelon, and it happened in this way: Plaintiffs' hogs, sixty head, were put in car No. 2057, and their cattle, nineteen head, were put in car No. 34. On the same day, a lot of cattle was received by the railway agent, from P. J. Garcelon, to be forwarded to the same yards at Chicago. They were put in car No. 2058, and a separate bill made for the Chicago office. On their arrival at the Sherman yards, at the South Branch, the consignment was all received by Adams, with a bill made out by the clerk of the company, in the name of Garcelon, as the owner of both hogs and cattle, and who received the proceeds. The mistake originated by putting the two consignments together by an error of the clerk. Hatch, the station agent at South Branch, stated, that the two consignments of Garcelon and appellees, were placed together on the bill by mistake of the clerk, and contrary to his directions. The usual bills accompanied this stock from Belvidere, showing different consignors' names, and it was by mistake of the clerk in the station agent's office, that but one bill of charges was rendered, and that to Garcelon.

It is shown by this witness, that it was negligence in the railway company's clerk, to make out the bill of charges as he did, and contrary to his instructions. Putting the two consignments together, was a mistake of the company's clerk by which appellees have lost their property. Common justice would say, the railway company should answer in damages; it was their fault, that appellees lost their property, and they should pay its value. It was admitted, the hogs and cattle were of the value of $1,860 $\frac{20}{100}$, and the interest on that, would be $120 $\frac{91}{100}$.

The question is made, should interest be allowed?

This was a question peculiarly for the court, sitting as a jury, and we see no error in the conclusion to which it arrived. Even in actions of trespass for seizing personal property,

there is no objection to allowing interest on the value of the goods from the time they were taken from the plaintiff's possession. *Bradly* v. *Geiselman*, 22 Ill. 494.

On every principle of justice, appellants ought to be held to the payment of interest in this case, they having been so very derelict in their duty, by which appellees have been prevented from receiving and enjoying the avails of the property intrusted to appellants.

The judgment is affirmed.

*Judgment affirmed.*