## AMOS CONKLIN

### v.

## AMBROSE LEEDS.

1. AGENCY—*undisclosed principal.* Where chattels are bought by one in his own name, but he is, in fact, buying as the agent of another, or for himself and others, as partners or joint owners, the undisclosed principal, partners or joint owners, will be entitled to the possession of the chattels as against the vendor who has no longer a general or a special property therein.

2. UNDISCLOSED AGENCY OR PARTNERSHIP. Any such undisclosed principal, partner or joint owner, has the right, on discovering that a purchase has been made by such agent, partner or joint owner, in his own name, or without disclosing his true relation to other parties, to tender complete performance of the contract of purchase, and take possession of the chattels.

3. TROVER—*whether it will lie.* Where a partner or joint owner learns of a purchase made for the benefit of himself and other partners or joint owners, by one who does not disclose his true relation to the property purchased, tenders final performance of the purchase and demands possession of the property of the vendor and is refused, but obtains the possession by a replevin suit in his own name, which he does not prosecute, the vendor, having no longer any property in the goods, can not maintain trover for their value.

APPEAL from the Circuit Court of Macon county; the Hon. A. J. GALLAGHER, Judge, presiding.

Messrs. BUNN & BUNN, for the appellant.

Messrs. NELSON, ROBY & PEDDECORD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of trover, brought by appellee in the Macon circuit court, against appellant, to recover the value of one thousand bushels of corn. Appellee testified that Jefferson came to him and purchased the corn at 45 cents per bushel, in his own name, and did not name Conklin at the time. Jefferson, however, testified that he purchased the corn jointly for himself and Conklin, as partners, but did not remember that he said any thing at the time to appellee about appellant's interest in the contract. Appellant swore that Jefferson was hired by him, and was engaged in purchasing corn for him as his agent ; and Charles Conklin swore he heard appellant employ Jefferson to purchase corn for the former, and that witness and Jefferson traveled together some days in purchasing corn as agent for appellant before the corn in controversy was bought.

From this evidence, the corn was purchased either for appellant alone or jointly with Jefferson. The evidence is clear and uncontradicted that one or the other fact is true. If appellant purchased the corn individually, through Jefferson as agent, then he was the sole owner, and had a right to its possession, upon payment or tender of the balance of the purchase money. This is clearly the law, notwithstanding Jefferson may not have disclosed his agency. The fact that it was not disclosed, could not affect the rights of appellant; what a person does by another he does by himself, and the rule applies in its full force to cases of this character.

If, however, appellant and Jefferson were partners, or joint purchasers, then appellant became a joint owner of the property, and, as such, by paying or tendering the balance of the

purchase money, he became entitled to the possession of the corn. Either partner or joint purchaser may complete a contract, and sue in the name of the owners, and recover the joint or firm property, whether purchased by one or another of the partners. Either of several joint owners of property has the right, as against third persons, to its possession, and being in the possession, trover will not lie by a stranger for its recovery. Even if Jefferson was a joint owner, with appellant, of the corn, that gave appellee no right to recover it. If he had not received the purchase money, he could, no doubt, sue and recover for goods sold and delivered, but not the property itself. By the sale and tender, if it was made, the property passed to and vested in appellant, and if so, appellee could not recover for a wrongful possession. But if a tender was not made of the balance due on the purchase, and there was no agreement for a delivery of the corn until the balance was paid, then, acquiring the possession of the property by replevying it was wrongful, and as the suit in replevin was dismissed, a recovery might be had in this form of action.

The court instructed the jury, on behalf of appellee, in substance, that if they believed that Jefferson and appellee were partners or joint purchasers, and the former purchased the corn in his own name, without disclosing the relation that existed between them, the taking by appellant would be wrongful. We have seen that if the property was so purchased, and appellant tendered the balance of the price agreed to be paid them, the purchasers were entitled to recover it. It may be true, in such a case, both joint owners should have joined in the replevin suit, but be that as it may, if they were joint purchasers and were entitled to the possession, although one of them may have improperly sued in his own name, and thus acquired possession, the possession thus acquired would be referred to the right of property, and would not subject a party to an action of tort. The possession, if the purchasers were entitled to it, would be rightful, although too many or too few may have sued in replevin. This instruction, as given,

was calculated to mislead. The question, whether the taking under or by the writ of replevin was wrongful, did not depend upon whether appellee and Jefferson were joint purchasers, but whether the contract had been so far performed as to give them the right of possession. If they were so entitled, then the possession of one joint owner is the possession of both.

As the instruction was calculated to mislead, and as the verdict seems to be too large, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*