## Mary L. Lambert et al.
### v.
## James U. Borden.

1. Premises Wrongfully Withheld—Interest.—The judgment in the forcible detainer proceedings being conclusive evidence that the tenants were treated by the landlord as trespassers, it was therefore proper for the court to direct the jury that they might allow interest on the rental value of the premises wrongfully withheld.

2. Instruction—Estoppel.—As the instruction on estoppel given in this case contained no hypothesis that the acts or conduct of A, from which the equitable estoppel was to arise, were willful, or that they were designed on her part to mislead B in the premises, or even that they were of such a nature or character as to be calculated or likely to mislead him, or that misleading him, as was supposed in the instruction, was a natural or probable consequence of such acts or conduct, it was erroneous.

Error to the Circuit Court of Cook County; the Hon. Lorin C. Collins, Judge, presiding. Opinion filed May 29, 1885.

Mr. C. M. Hardy, for plaintiff in error; that the rental value was unliquidated damages, upon which interest can not

be allowed, cited R. S. 1874, Title "Interest," § 2; Buckmaster v Grundy, 3 Gilm. 626; Summers v. Clark, 13 Ill. 544; Hitt v. Allen, 13 Ill. 592; I. C. R. R. Co. v. Cobb, 72 Ill. 148; Kilderhouse v. Loveland, 1 Bradwell, 65; Holiday v. Marshall, 7 Marshall, 210.

Mr. Lewis H. Mitchell, for defendant in error.

McAllister, J. This action was *debt* brought by Borden, as plaintiff below, against Rudolph and Mary L. Lambert and one Schott, as defendants, upon two bonds given in forcible detainer proceedings by Borden against the Lamberts, to recover possession of a certain house, which the former had rented to the latter, and which they wrongfully withheld after the expiration of their lease. There was a count upon each bond, to each of which there was a plea of *nil debet* by all the defendants, and *non est factum* by said Mary, verified by her affidavit. There was a trial, resulting in a verdict and judgment for the plaintiff below, and the defendants bring error to this court.

The question has been made here that the court below improperly directed the jury that they might allow interest on the rental value of the premises wrongfully withheld. In the absence of evidence to the contrary, the presumption is that if a tenant holds over after the expiration of his lease, it is wrongful. Brown v. Keller, 32 Ill. 151. A tenant thus holding over is a wrongdoer, and ejectment will lie against him. Den v. Adams, 12 N. Y. L. 99. A landlord may treat a te ant holding over, after his term has expired, as a tenant from year to year, or as a trespasser at his election. Hemphill v. Flynn, 2 Penn. St. 144. The judgment in the forcible detainer proceedings was conclusive upon the question that the tenants here were treated by the landlord as trespassers, and they are to be so regarded. That being the case the plaintiff was entitled to interest. Bradley v. Geiselman, 22 Ill. 494; Railway Co. v. Ames, 40 Ill. 249; Northern Trans. Co. v. Selleck, 52 Ill. 249; Railway Co. v. Schultz, 55 Ill. 421. We think there was no error, therefore, in giving the plaintiff's second instruction.

Upon the question whether or not said Mary L. Lambert executed the bonds or either of them in suit, the evidence was directly conflicting, so that it is doubtful which way the jury ought to find. There was some evidence upon which the doctrine of estoppel *in pais* might be predicated, but it was very slight and unsatisfactory.

The court, at the instance of plaintiff's counsel, gave to the jury this instruction: " If the jury believe from the evidence that the defendant, Mary L. Lambert, knew she was a defendant in the forcible detainer suit, in which the bonds in question were filed, and by reason of such bonds being so filed, received and had the benefit of the appeal of said forcible detainer suit, and enjoyed the occupation of the premises in controversy in said suit, and by her acts and conduct induced the plaintiff to believe that she was one of the parties defending in said suit after such appeal taken, and one of the parties executing the appeal bonds in controversy, and that the plaintiff had no means of knowing that she did not execute said bonds or either of them, other than by her acts and conduct in the premises, and that by such belief on the part of the plaintiff he was prevented from either obtaining valid and sufficient bonds, or from obtaining possession of the premises sued for, then the jury are instructed that the said Mary L. Lambert is estopped from denying that she signed the appeal bonds upon which this suit is brought."

That instruction is substantially defective, and, as the case stood upon the evidence, must have been misleading.

It contains no hypothesis that the acts or conduct of Mrs. Lambert, from which the equitable estoppel was to arise, were willful, or that they were designed on her part to mislead Borden in the premises; or even that they were of such a nature or character as to be calculated or likely to mislead him; or that misleading him, as supposed in the instruction, was a natural or probable consequence of such acts or conduct. Davidson v. Young, 38 Ill. 145; Talcott v. Brackett, 5 Bradwell, 69, and cases there cited; Preston v. Mann, 25 Conn. 118; Bank v. Hazard, 30 N. Y. 226.

For the giving that instruction, we are required to reverse the judgment and remand the cause for a new trial.

Judgment reversed.