## Lake S. & M. S. Ry. Co. v. Adolph Hochstim and Morris Bossak, partners as Hochstim & Bossak.

1. COMMON CARRIERS—*Liable for Loss of Merchandise Received as Baggage.*—A common carrier who receives articles as baggage with notice of their character, is liable for their loss, although they be in fact merchandise.

2. SAME—*Principal May Sue for Loss of Goods Shipped as Property of Agent.*—A traveling salesman shipped sample cases containing merchandise as his own, when they in fact belonged to his employers. *Held*, that the ownership of the property was immaterial, and that the undiscovered principals had a right to declare themselves and sue for a loss of the goods.

**Trespass on the Case**, for loss of baggage. Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 7, 1897.

### STATEMENT OF THE CASE.

This was an action on the case to recover for the loss of certain sample goods, delivered to the defendant at Cleveland, Ohio, for transportation to Chicago.

The allegations of the declaration are, in effect, that the plaintiffs, on April 18, 1891, caused to be delivered to the defendant, at Cleveland, Ohio, two telescope sample cases, containing thirty-five fur capes and thirty-three fur collars, and a lot of fur strips, the property of plaintiffs, to be transported from Cleveland, Ohio, to Chicago; that the defend, ant agreed with plaintiffs to safely and securely deliver same to plaintiffs. The breach alleged is, that defendant did not safely and securely deliver the same to plaintiffs, but by the misconduct and negligence of defendants and its servants, the two telescope cases were broken and destroyed, and a portion of the contents of the same were lost to plaintiffs.

The evidence for plaintiffs was that of one Samuel Moskowitz. He testified that he was a traveling salesman in the employ of plaintiffs, and sold fur capes and collars for plaintiffs, who were fur manufacturers, and, being such sales-

man, he had in his possession at Cleveland, Ohio, on April 18, 1891, the telescope cases in question, which were, with the contents, the property of plaintiffs.

The witness went to the baggagemaster of defendant, at Cleveland, Ohio, told him that he had his sample cases there, wished them checked for Chicago, and he asked the said baggagemaster if he would promise to send them to Chicago by the first train, and to have them there by Monday morning, as on that day he had an engagement with a house there, to show his samples. The baggageman promised to send them by the next train.

Moskowitz delivered the cases to the baggagemaster and got two checks for them, but did not come on the train with his baggage, taking a later train.

The telescope cases in question were checked on the strength of a ticket possessed by Moskowitz, the traveling salesman of plaintiffs, and on the faith of representations made by him at the time the same were checked, that the sample cases were his own.

Moskowitz says that he received twenty-five capes and thirty-three collars, and that there were eighteen capes and four collars lost; and this suit is to recover for the articles lost.

A jury was waived by the parties, and the cause was heard by the court without a jury. The court found the defendant guilty, and assessed plaintiffs' damages at $326.61. Defendant's motion for a new trial was overruled, and judgment on this finding was rendered against the defendant, April 8, 1896, for the said sum of $326.61.

The value of the articles missing and sued for was $270.91. Interest on this sum was allowed.

WM. McFADON, attorney for appellant.

Samples of merchandise for sale are not baggage, within the meaning of that term. Spooner v. H. & St. J. Ry. Co., 23 Mo. App. 409 and 410; Thompson on Carriers of Passengers, 510; Ray on Negligence of Imposed Duties (Passenger), 565.

The rule is that where negligence arises out of a contract,

only a party to the contract can bring a suit as a result of such negligence. Becher v. Great Eastern Ry. Co., L. Rep. 5 Q. B. 241; Alton v. Midland Ry. Co., 115 E. C. L. Rep. 236; Stutler v. Passenger Ry. Co., 54 Penn. St. 375.

Where a fraud is perpetrated upon a railroad company and such company is obliged to carry under the guise of baggage the property of another, there can be no recovery. Dunlap v. International Steam Boat Co., 98 Mass. 371; Talcott v. Wabash Ry. Co., 66 Hun, 456; Stimpson v. Conn. River Ry. Co., 98 Mass. 84; Gurney v. Grand Trunk, 14 N. Y. Supplement, 321; S. C., 138 N. Y. 638.

ADOLPH ASCHER, attorney for appellees; DANIEL V. GALLERY, of counsel.

Although samples carried by a passenger are not personal baggage, yet if the baggagemaster, knowing the character of the articles carried, accepts them as baggage, the carrier is estopped to deny that they were baggage in an action for their loss. Capps v. R. R. Co., 16 Am. & Eng. R. R. Cases, 118.

While the obligation of a carrier of passengers is limited to ordinary baggage, yet if he knowingly permits a passenger, either on payment or without payment of an extra charge, to take articles as personal baggage which are not properly such, he will be liable for their loss or destruction, though without fault. Oakes v. Northern Pacific, 26 Pacific, 230; Railroad Co. v. Rosenthal, 29 S. W. 196; Railroad Co. v. Shepherd, 8 Exch. 30; Minturn v. R. R. Co., 41 Mo. 503; Ross v. R. R. Co., 4 Mo. App. 583; Perley v. R. R. Co., 65 N. Y. 374; Hannibal R. R. Co. v. Swift, 12 Wall. 262; R. R. Co. v. Conklin, 32 Kan. 55; Jacobs v. Tutt et al., 33 Fed. 412; Baldauf v. R. R. Co., 16 Pa. St. 67; Mauritz v. R. R. Co., 23 Fed. 765; R. R. Co. v. Fraloff, 100 U. S. 24; Story, Bailments, paragraph 499; Central Trust Co. v. Ry., 39 Fed. 417; Stoneman v. R. R. Co., 52 N. Y. 429.

The owner of property lost by a carrier, can maintain an action for its value on the contract made for his benefit by his agent. Sims v. Bond, 5 B. & Ad. 389; Higgins v. Senior, 8 M. & W. 833; Beebee v. Robert, 12 Wend. 413; Tain-

tor v. Prendergast, 3 Hill, 72; Sanderson v. Lamberton, 6 Binn. 129.

Mr. Justice Waterman delivered the opinion of the Court.

The carrier having, after being informed as to the character of the articles, received them as baggage, is liable for their loss, although they consisted of merchandise.    Hutchinson on Carriers, Sec. 685, note 1; Hannibal Ry. Co. v. Swift, 12 Wall. 262–274.

That the articles lost were actually the property of the plaintiffs, the employers of the traveler, was immaterial to the defendant.

The witness doubtless spoke as is customary with traveling men concerning their samples, calling them his samples, his baggage.

The shipment was really made by the plaintiffs, *qui facit per alium facit per se*.    The undiscovered principals had a right to declare themselves and sue upon the contract. Ewell's Evans on Agency, side paging, 304, 379, 395; Conklin v. Leeds, 58 Ill. 178; Barker v. Garvey, 83 Ill. 184; Elkins v. Boston & Maine Ry., 19 N. H. 337; New Jersey Steam Navigation Co. v. Merchants Bank, 6 Howard, 344.

The case under consideration is radically variant from what it would have been had not the carrier been notified that the cases contained merchandise samples.

No fraud was perpetrated upon the carrier; on the contrary, it well knew what it undertook to carry, and upon what consideration; while that the actual ownership was undisclosed, was, as we have said, immaterial.

Appellant promised to safely carry and deliver these goods in April, 1891.

By the failure of appellant to fulfill its contract, appellee was five years deprived of merchandise of the value of $270.91.

In its discretion, the court properly allowed interest. Chicago & N. W. Ry. Co. v. Ames, 40 Ill. 249; Bradley v. Geiselman, 22 Ill. 494.

The judgment of the Circuit Court is affirmed.