## Providence Washington Insurance Company, Appellee, v. Western Union Telegraph Company, Appellant.

### Gen. No. 14,894.

1. NEGLIGENCE—*when telegraph company liable for failure to deliver telegram.* If a telegraph company receives and fails to transmit and deliver a telegram by an insurance company to its agent, which on its face shows that it pertains to the cancellation of insurance, the telegraph company is liable for the amount paid by the insurance company in settlement of the policy, a fire having occurred, which policy had such telegram been delivered, would have been cancelled prior to the fire which resulted in the loss.

2. EVIDENCE—*when erroneous admission of parol, will not reverse.* If the parol evidence erroneously admitted was merely cumulative and the fact which it tended to prove was otherwise clearly and properly established, a reversal will not be ordered.

3. MEASURE OF DAMAGES—*in action for failure to deliver telegram.* If as a result of the failure to transmit and deliver a telegram an insurance company was required to pay a fire loss, the proper measure of damages to be awarded such company is the amount of the loss so paid plus interest at five per cent from the date of payment.

Action *ex contractu.* Appeal from the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding. Heard in the

Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed February 15, 1910. Rehearing denied March 4, 1910.

**Statement by the Court.** This action *ex contractu* was brought by the Providence Washington Insurance Company, appellee, against the Western Union Telegraph Company, appellant, to recover damages sustained because of the non-delivery of a telegram.

The controlling facts of the case are not controverted. The record shows that on December 3, 1901, the plaintiff issued to Frank B. Silk its policy of insurance covering his one-story paper mill and engine and boiler house, located on Wilson street, Newark, Ohio, for $1,000. The policy contained the following provision:

"This policy, shall be canceled at any time at the request of the assured, or by the Company by giving five days' notice of such cancelation."

On January 2, 1902, the policy was assigned by Silk, with the consent of the plaintiff, to the Newark Paper Company, which had acquired the ownership of the insured property.

On or about April 29, 1902, Mr. F. W. Ransom, the state agent of the plaintiff, inspected the risk of the Newark Paper Company, and finding it was undesirable he went to the office of defendant at Van Wert, Ohio, and wrote and delivered to its operator the following telegram:

"VAN WERT, OHIO, April 30, 1902.
M. J. REESE, Agt.
　　Providence Washington Ins. Co.
Regret must cancel paper mill line. Daily was passed inadvertently.
　　　　　　　　　　　　F. W. RANSOM."

At the time this telegram was delivered to defendant's operator at Van Wert, Ohio, the full amount charged for its transmission was paid to defendant's agent by Ransom. The telegram was delivered to the operator at or before 11:30 o'clock in the morning of

April 30th, and the testimony shows that had the telegram been sent direct to Newark, Ohio, it would have reached plaintiff's agent at about 1:30 or two o'clock in the afternoon of April 30th.

M. J. Reese was then the local agent of plaintiff at Newark, Ohio, and the agent who had written the policy. Reese was in Newark at the time the telegram should have reached Newark, and his office was only about half a block from defendant's office and was also very near to the office of the Newark Paper Company.

The telegram was never transmitted by the defendant to Reese. It was never sent to Newark, Ohio. It went to New York City, New York, addressed merely "Agent of Providence Washington Ins. Co., Newark, Ohio," and was there delivered to plaintiff's agent, and finally reached plaintiff's manager in Chicago through the mails. Reese, however, received a letter from the Chicago office of the plaintiff in the afternoon of May 2, 1902, notifying him to cancel the policy. He immediately served notice of cancelation of the policy upon the vice-president and general manager of the Newark Paper Company, and it was agreed that the policy would be canceled under its terms and surrendered to Reese in five days, at which time Reese was to pay the Paper Company the return premium.

On May 6, 1902, at seven o'clock p. m. the property covered by the policy was destroyed by fire. A claim was made by the Newark Paper Company on plaintiff upon the policy, and plaintiff was compelled to pay on the loss $1,200, for which amount it settled a judgment for $1,636.94 recovered against it in the Common Pleas Court, at Newark, Ohio.

The case was tried before the court without a jury. The court found the issues for the plaintiff and entered a judgment on its findings for $1,365, being the amount of the payment made by plaintiff with interest thereon at five per cent.

WEST, ECKHART & TAYLOR, for appellant.

BATES, HARDING, EDGERTON & BATES, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The record presents no answer to the negligence averred and proved by the plaintiff. Accordingly defendant's counsel, at the outset of their argument, say: "For the purpose of this argument it will be conceded that appellant did not use reasonable diligence in the transmission and delivery of the telegram in question, and that it thereby failed to fulfill its contract."

It is contended, however, that such failure did not directly and proximately cause the damage for which plaintiff is seeking to recover in this action, and that consequently the defendant is not liable therefor. It is argued that the fire of May 6, 1902, was the direct and proximate cause of the loss, and that the fire was in no wise dependent upon, or caused by, the default of defendant.

In support of this position, Morrison v. Davis, 20 Pa. St. 171; Denny v. N. Y. C. R. R. Co., 13 Gray 481; Railroad Co. v. Reeves, 10 Wall. 176; and Hoadley v. Northern Transportation Co., 115 Mass. 304, are cited and relied on. The rule of proximate and remote cause, and of liability broadly laid down in those cases, is not the rule in this and other jurisdictions, where the negligence of the defendant is one of the proximate causes of the damage, as in this case.

In Wald v. P. C. C. & St. L. R. R. Co., 162 Ill. 545, the distinction between this case and the above case is clearly shown. In the Wald case appellant bought a ticket over the appellee's railroad from Cincinnati to New York by the limited express. He checked his baggage. By the negligence of the railroad company the baggage was not placed upon the limited express train, but it followed on a later train. His baggage was destroyed by the Johnstown flood, after the limited express, on which appellant rode, had passed that

122    APPELLATE COURTS OF ILLINOIS.

P. W. Insurance Co. v. W. U. Telegraph Co., 153 Ill. App. 118.

point. The railroad company claimed and insisted that the proximate cause of the loss was the flood, and that therefore it was not liable. It was also claimed that the loss was caused by the act of God, which would excuse the company from liability. The Denny case and the Morrison case were cited to establish the same contention which is here made. The court refused to follow those cases, and say, at page 551 of the opinion: "A loss or injury is due to the act of God when it is occasioned exclusively by natural causes, such as could not be prevented by human care, skill and foresight; and where property, committed to a common carrier, is brought by the negligence of the carrier under the operation of natural causes that work its destruction, or is, by the negligence of the carrier, exposed to such cause of loss, the carrier is responsible. 'It is universally agreed that if the damage is caused by the concurring force of defendant's negligence and some other cause for which he is not responsible, including the act of God, * * * the defendant is nevertheless responsible if his negligence is one of the proximate causes of the damage.' (1 Shearman & Redfield on Negligence, 4th ed., Sec. 39.) The doctrine is thus clearly stated by the Supreme Court of Missouri in Wolf v. American Express Co., 43 Mo. 421: 'The act of God which excuses the carrier must not only be the proximate cause of the loss, but the better opinion is that it must be the sole cause. And where the loss is caused by the act of God, if the negligence of the carrier mingles with it as an active and co-operative cause, he is still responsible.' "

The court then says that in line with this principle many authorities hold, where the unnecessary delay of the carrier subjects the goods in his possession to a loss by an act of God which they would not otherwise have met with, that the delay itself is such negligence as will make him liable for the loss, and cites Michigan Central R. Co. v. Curtis, 80 Ill. 324, and cases in New

York, West Virginia, New Hampshire, Missouri, Connecticut, California, Massachusetts and Pennsylvania.

The court in the Wald case, page 552, then proceeds to say: "We are inclined to think this is the correct doctrine. There are cases which hold to the contrary—among which are the leading cases of Denny v. New York Central Railroad Co., 13 Gray, 481, and Morrison v. Davis, 20 Pa. St. 171—upon the ground that such delay, whether justifiable or not, should not be regarded as the proximate, but only as the remote cause of the loss. It will be found, however, upon examination, that most of these cases are cases where mere delay *without other negligence* brings the property lost within the operation of the natural cause defined to be the act of God. (Am. & Eng. Ency. of Law, 2nd ed., p. 596.)"

In applying the doctrine, accepted in the Wald case as the correct doctrine, to the facts in that case, the court, at page 254, say: "If the appellee was guilty of negligence in failing to put the trunk upon the right train, it was guilty of negligence which brought the trunk in direct contact with the force known as an act of God."

And so we see no escape from the conclusion that, under the Wald case, the conceded negligence of the defendant, in failing to transmit and deliver the telegram according to its contract, brought the insurance of the plaintiff under its policy in direct contact with the fire of May 6th and caused the loss to plaintiff as the direct result of defendant's negligence.

It is urged that a party who has failed to perform his contract is not liable for speculative or uncertain results which might or might not have happened if the contract had been fulfilled. Under this proposition an argument in behalf of the appellant is predicated upon the assumption that Reese, the agent of the plaintiff at Newark, would not or could not have served the notice to terminate the insurance on the afternoon

of April 30th, or in time to have terminated the policy under its provisions before the fire occurred.

The evidence shows that Reese was in his office in the city of Newark on the afternoon when the telegram should have been delivered to him. It further appears from the evidence that Reese's office was within a very short distance from the Newark office of the defendant; and the property and office of the Newark Paper Company was within a short distance of Reese's office. There being no evidence on the subject, it is not to be presumed or conjectured that there was no one in charge of the Paper Company's business and office, upon whom a notice could be served. We find no basis in the evidence for an inference that, under the circumstances disclosed by the evidence, Reese would not have acted in obedience to the telegram if it had been delivered to him, or that he could not have served effectively the necessary notice, and we cannot, and the trial court could not, on a mere speculation that he would not or could not have served the notice, indulge in any presumption to that effect. On the other hand, the inference, if any is to be drawn on that point, would be in favor of the agent doing his duty and acting in accordance with the clear directions of his superior in authority, and in the line of his duty. In our opinion the argument in behalf of appellant on this point is without sufficient basis in the evidence.

We think there was no reversible error in admitting the testimony of Reese to the effect that an action was brought by the Newark Paper Company against the plaintiff in the Court of Common Pleas in Newark; and that the action was to recover for loss under the policy in question. True, it was not the best evidence, but a certified copy of the judgment recovered in that action was admitted properly in evidence. Competent evidence of a compromise settlement and payment of the judgment was also introduced. The draft made by the special agent to the order of the Newark Paper Co. for $1,200 on the plaintiff, and paid by the

plaintiff in settlement of this judgment, was received in evidence. This draft on its face shows that it was given in full settlement of all claims against the plaintiff for loss and damage by fire which occurred on May 6, 1902, to property insured under the policy here involved. In this state of the evidence the admission of the testimony of Reese was harmless error. Moreover, the evidence of the action and judgment was unnecessary to plaintiff's case.

The fact that the loss occurred and was paid was sufficient without the judgment. The admission of the unnecessary proof could not have affected the finding of the court, and the error was harmless.

In our opinion the evidence shows that the Newark Paper Company had the only paper mill in Newark, and that the policy in question was the only policy that had been issued by Reese covering any paper mill. The telegram, therefore, could have reference only to this policy, and if it had been received by Reese there could have been no doubt or uncertainty in his mind as to the policy which he was directed to cancel. The contents of the telegram were of a character to inform the agent of defendant who received it for transmission that it related to an important business transaction, and it disclosed on its face the nature of the business, so that the operator understood its meaning. We think the defendant company is legally chargeable with damages resulting from its negligence in failing to transmit the message. Postal Telegraph Co. v. Lathrop, 131 Ill. 575; Western Union Tel. Co. v. Crawford, 110 Ala. 460; Telegraph Co. v. Griswold, 37 Ohio State 301.

We think the amount paid by the plaintiff to the Newark Paper Company for the loss under the policy, with interest thereon at five per cent from the date of payment, was the correct measure of damages. There is no controversy of fact in the case. The law of the case is well settled. The liability is clear, and the amount is definite. Under such circumstances we

think interest was properly allowed. It was a question for the court sitting as a jury, and we are unable to see any error in the conclusion to which it arrived. Chicago & Northwestern Ry. Co. v. Ames, 40 Ill. 249; Lake S. & M. S. Ry. Co. v. Hochstrim, 67 Ill. App. 514; Northern Trans. Co. v. McClary, 66 Ill. 233.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*