## Joseph Voudrie, Appellee, v. Southern Railway Company, Appellant.

1. TORTS—*when act of God does not relieve liability.* In an action to recover for wrongfully overflowing the premises of the plaintiff the defendant is not relieved of all liability by showing that such overflow resulted from a rain fall so heavy as to be in effect an act of God if it appears from the evidence that the negligent acts of the defendant increased the volume of the overflow and caused the injury in question.

2. INSTRUCTIONS—*when must not ignore elements of plaintiff's case.* An instruction which directs a verdict for the defendant if the jury find certain facts is properly refused if it ignores an element in the plaintiff's case which was sustained by evidence.

3. INSTRUCTIONS—*when improper refusal upon question of damages will not reverse.* The refusal by the court of a proper instruction upon the question of damages will not reverse if the amount awarded is fully sustained by the evidence.

4. INSTRUCTIONS—*when in action for wrongful overflow improperly refused.* An instruction as follows:

"The court instructs the jury that if you believe from the evidence that the defendant, * * * opened culverts underneath its tracks and that these culverts allowed the water to pass from the end of the watercourse in the higher tract of land to the beginning of the natural watercourse in the lower tract of land, and that said culverts allowed the water to pass under the tracks in its natural flow from the higher to the lower tract of land, and no more, then you should find the issues in favor of the defendant",—

should have been given and its refusal was reversible error.

Action commenced before justice of the peace. Appeal from the City Court of East St. Louis; the Hon. MORTIMER MILLARD, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed April 9, 1910.

KRAMER, KRAMER & CAMPBELL and C. H. G. HEINFELDEN, for appellant; EDWARD P. HUMPHREY, of counsel.

ALEXANDER FLANNIGEN and JESSE M. FREELS, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

Appellee recovered a judgment against appellant in the City Court of East St. Louis for the sum of $200, from which this appeal is taken. The suit originated before a justice of the peace.

The complaint of appellee was that by the wrongful diversion of the natural flow of surface water by appellant over the land of which he was in possession as a tenant, his potato crop was overflowed and damaged.

The land upon which the potatoes were growing lies west of and adjoining appellant's road which at this point runs in a north and south direction. East of the road the ground rises considerably. West of it, the land is lower so that the natural drainage is toward the west. Adjoining appellee's land on the north is the land of one Pfeiffer which also adjoins appellant's road.

At the time the railroad was constructed, a considerable embankment was raised along the east side of appellee's land by the railroad company for its track and culverts placed under it for the passage of water to the west. By the erection of the embankment it was claimed by appellee that surface water from above was wrongfully diverted from its natural course and collected in larger quantities than would flow naturally, and by the culverts cast upon the land of appellee, and that at the time of a heavy rainfall by means of the alleged wrongful diversion of the water, the land of appellee was overflowed and his crop washed out and damaged.

Appellant urges there can be no recovery for the reason the rainfall was so unprecedented as to be attributable to the act of God. While the evidence shows it to have been unusually heavy rain amounting to more than an ordinary freshet, yet this would not relieve appellant of liability if by its negligent acts it increased the volume of the overflow and caused the injury to the crops and this was a question, depending upon the other question involved, of alleged negligent

construction resulting in the wrongful diversion of the water and was one of fact for the jury.

The evidence was conflicting whether appellant had by ditches and an embankment collected surface water falling east of and above its tracks on its right of way and discharged it in undue and unnatural quantities upon the land of appellee. Testimony of witnesses introduced by appellee showed that prior to building appellant's railroad the water usually ran through a ditch between appellee's land and the Pfeiffer land, that appellant by its embankment turned the water from this point and carried it to a point near the center of appellee's land where it ran through the culverts and spread out over appellee's land as it had not done before, and that by ditching the appellant had diverted other water to the culverts increasing the flow. This was disputed by witnesses for appellant two of whom were civil engineers. In this state of the evidence we are of opinion the court did not err in refusing the peremptory instruction asked by appellant.

Appellant complains of and assigns for error the refusal of the trial court to give the 10th, 11th, 12th, 14th and 15th instructions asked by appellant.

The 10th refused instruction advised the jury that if the culverts were of such number and so constructed as to take care of all the water which might reasonably be expected to pass through and that by reason of unprecedented rains that could not have been reasonably anticipated, water came upon appellee's land, he could not recover on that branch of the case. This instruction ignored the element of the wrongful diversion of the water to culverts of which there was some evidence and was properly refused.

By the 11th refused instruction the jury were advised there could be no recovery for damages to the land itself. This instruction was correct and should have been given, the appellee being a tenant and suing for injury to the crop; but as all the evidence upon the

measure of damages placed the amount at more than two hundred dollars (the amount recovered), the refusal of the instruction was harmless.

The 12th instruction asked by appellant and refused, was as follows:

"The court instructs the jury that if you believe from the evidence that the defendant, Southern Railway Company, opened culverts underneath its tracks and that these culverts allowed the water to pass from the end of the watercourse in the higher tract of land to the beginning of the natural watercourse in the lower tract of land, and that said culverts allowed the water to pass under the tracks in its natural flow from the higher to the lower tract of land, and no more, then you should find the issues in favor of the defendant."

The evidence on behalf of appellee was that there was a natural watercourse from the east to the west side of appellant's tracks and that the culverts were in exact line of such natural watercourse. It is not necessary that there should be a channel with well-defned banks. If the surface water flows along a fixed and determinate course, there is a watercourse into which the owner of the dominant heritage has the right to discharge surface water which naturally flows in that direction. Lambert v. Alcorn, 144 Ill. 313. But such owner has no right to divert water from its natural course and cast it upon the servient estate. Young v. Com'rs. of Highways, 134 Ill. 569. This instruction stated a correct rule. It was based upon evidence introduced by appellant, and as it was covered by no other instruction given, it was error to refuse it.

The 13th instruction did not state a correct rule of law as the right given by the instruction to the owner of the higher tract to ditch his land into the natural channel was not limited to the water which would naturally flow there.

The 14th and 15th instructions refused were substantially like the 12th and what we have said of it applies to them.

For the error noted, the judgment is reversed and the cause remanded.

*Reversed and remanded.*