## A. H. Bell, Trading as A. H. Bell & Company, Defendant in Error, v. Union Pacific Railroad Company, Plaintiff in Error.

### Gen. No. 17,731.

1. CARRIERS—*question for jury.* In an action for damages from injury to plaintiff's cattle while being shipped by defendant carrier at a time when there was a heavy storm, it is for the jury to decide from the evidence whether defendant was guilty of negligence and whether the negligence, if any, was one of the proximate causes of the damage.

2. CARRIERS—*act of God.* An unusually heavy snowstorm of such violence as to obstruct the moving of carrier's trains falls

within the exception of the act of God, and the carrier, if guilty of no contributory negligence, is exonerated from liability for a loss.

3. CARRIERS—*act of God.* The act of God which excuses a carrier must be the sole cause of the loss, and where the negligence of the carrier mingles as an active and co-operative cause, it is responsible.

Error to the Municipal Court of Chicago; the Hon. JOSEPH Z. UHLIR, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed February 13, 1913.

BRODE B. DAVIS, for plaintiff in error; JOHN M. RANKIN and EDMUND P. KELLY, of counsel.

CHARLES A. BUTLER, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

Defendant in error, plaintiff below, commenced an action of the fourth class in the Municipal Court of Chicago against plaintiff in error, defendant below, to recover for damage to seventy-three head of cattle shipped by plaintiff from Rock River, Wyoming, to South Omaha, Nebraska. Plaintiff claimed damages in the sum of $770.36, and it was stated that the same were incurred "by reason of the failure of said defendant to exercise the care required of it of the said cattle while in its possession, custody and control." The case was tried before a jury, resulting in a verdict for plaintiff for $600, on which verdict the court, on June 10, 1911, entered judgment.

It appears from the evidence that the cattle were loaded into three stock cars at Rock River, Wyoming, on the evening of Sunday, October 21, 1906; that the cattle were fed and watered before loading and were then in good marketable condition; that a train of defendant, of which the three cars were a part, arrived without delay at Cheyenne, Wyoming, on October 22nd; that plaintiff traveled on the train to look after the cattle; that after leaving Cheyenne the train encoun-

tered a very severe snow storm, and there were delays before reaching Potter, Nebraska, on the night of October 22nd or early morning of October 23rd; that although the train was then unable to advance from Potter on account of the storm, the cattle were not there unloaded for rest, food and water until Wednesday noon, October 24th, having been in said cars without food or water for about sixty-six hours; that at the time of said unloading at Potter, plaintiff examined the cattle and found that they looked gaunt and worn, and that three of them had died in the cars; that the cattle remained in the yards at Potter until the evening of October 25th, when they were again loaded into the cars and arrived at the stock yards at South Omaha, Nebraska, on Sunday morning, October 28th; that there was no market for their sale on that day, but that they were sold on Monday morning, October 29th, for their fair market value in their then condition, and that prior to this sale the cattle were examined and were found to have suffered from exposure to the storm, and that many of them were lame and bruised. There was testimony showing that had they arrived at South Omaha in good marketable condition they could have been sold for at least fifteen cents per hundred-weight more than the amount for which they were sold.

It is claimed by counsel that defendant is not liable for the reason that the damage to the cattle was not caused by defendant's negligence, but by a severe and unanticipated storm, which amounted to an act of God. It is claimed by counsel for plaintiff that, under the facts in evidence, the jury were warranted in finding the defendant guilty of negligence in not properly caring for the cattle, for the reason that the snow storm was not the proximate or immediate cause of the damage. There was testimony showing that the snow storm became very severe while the train was en route between Cheyenne and Potter, and that the conductor

of the train could have had the cattle unloaded, fed and watered at a station called Dix, and at other stations between Cheyenne and Potter; that shortly after the train arrived at Potter, plaintiff requested the conductor of the train there to unload the cattle, but that the conductor refused so to do until about noon of October 24th, and that an unloading when first requested could have been accomplished, notwithstanding the storm. We are of the opinion that it was for the jury to say, under all the evidence, whether or not the defendant was guilty of negligence which contributed to the damage to the cattle, and we discern no reason for disturbing its conclusion in this regard.

"An unusually heavy or severe storm of snow, of such violence as to obstruct the moving of the carrier's trains or other vehicles, falls within the exception of the act of God, and the carrier, if guilty of no contributory negligence, will be exonerated from liability for a loss or injury thereby occasioned." 1 Hutchinson on Carriers (3rd Ed.), sec. 285. "The act of God which excuses the carrier must not only be the proximate cause of the loss, but the better opinion is that it must be the sole cause. And where the loss is caused by the act of God, if the negligence of the carrier mingles with it as an active and co-operative cause, he is still responsible." Providence Washington Ins. Co. v. Western Union Tel. Co., 153 Ill. App. 118, 122. "If the damage is caused by the concurring force of defendant's negligence and some other cause for which he is not responsible, including the act of God, * * * the defendant is nevertheless responsible if his negligence is one of the proximate causes of the damage." Wald v. Pittsburg, C. C. & St. L. R. Co., 162 Ill. 545, 551; Sandy v. Lake St. El. R. Co., 235 Ill. 194; Tate v. Missouri Pac. Ry. Co., 157 Ill. App. 105. And whether the carrier was guilty of negligence, and whether that negligence was one of the proximate causes of the damage, are questions for the jury. Louisville & N. R. Co. v. Cunningham, 88 Ill.

App. 289; Voudrie v. Southern Ry. Co., 155 Ill. App. 279, 280.

Counsel for defendant also contend that the allegations contained in plaintiff's statement of claim and the evidence introduced do not support the judgment. After an examination of the record we are of the opinion that the contention is without merit.

Nor do we think that the oral instructions of the court to the jury were misleading and conflicting, as contended for by counsel.

The judgment of the Municipal Court is affirmed.

*Affirmed.*